John D. Bennett, S.
This is an application by the administratrix d. b. n. to sell real property for purposes of distribution, and “ for the sale of personal property”.
The coadministrator, Frank B. Wetter, by motion seeks, inter alia, an order “ dismissing the petition herein on the ground *191 that the court in the exercise of its discretion should not entertain the same, and that the court has no jurisdiction of the subject matter of this proceeding, that the petition herein is insufficient on its face
The premises which are the subject matter of this petition consist of a hotel and restaurant known as the “ Wantagh Hotel ”. The hotel is presently managed by Frank ft. Wetter individually! He is also a coadministrator. As such coadministrator Mr. Wetter has not joined in this application, and he opposes the granting of the petition on the ground that it requests the sale of the hotel and restaurant business of which he alleges he is the owner individually.
Although the petition in paragraph “ 7 ” states that “ all of the personal property of the estate has been disposed of and distribution from time to time has been made to the various distributees ”, it is clear from paragraph “ 8 ” of the petition that the administratrix d. b. n. also seeks to include in this sale the business presently managed by Frank B. Wetter individually. The contract referred to in the petition sets forth the purchase price as $140,000, of which $40,000 is the purchase price for the business.
In the prayer for relief, the petition also contains language to the effect that Frank B. Wetter be required by the court to join in said sale. There would appear to be no other reason for this inclusion than that the court force Mr. Wetter to relinquish any interest he might have other than as distributee in the premises.
The allegations of a proceeding pursuant to article 13 of the Surrogate’s Court Act must adhere strictly to statutory requirements since such proceedings are in derogation of the common law (12 Carmody-Wait, Cyclopedia of New York Practice, pp. 313, 320; 3 Warren’s Heaton Surrogates’ Courts, § 260, par. 4 [e]).
Since section 233 of the Surrogate’s Court Act requires that the subject matter of a petition under article 13 be real property or an interest in real property, the application is denied.
If in the alternative the court considers this also a petition for advice and direction under section 215 of the Surrogate’s Court Act, the relief under such section is denied in the court’s discretion.
The petition is dismissed without prejudice to a renewal as to so much of the petition which seeks a sale of real property or an interest therein.
Settle decree on five days’ notice.